UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FELICESHIA C. RODGERS,

        Plaintiff,

v.

        Case No. 24-cv-837-pp

MARTIN J. O'MALLEY,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

---

    The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

    Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

    Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. In her affidavit the plaintiff states

1

that she is not employed, she is not married and she has four minor dependents she is responsible for supporting; she indicates that the total support provided per month for all four dependents is $300. Dkt. No. 2 at 1. The plaintiff lists income of $2,049 per month ($1,791 SSI, $258 W2) and monthly expenses of $1,775 ($1475 rent, $300 other household expenses). Id. at 2-3 The plaintiff says she does not own a car, her home or any other property of value and she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I have to find different agencies to help with my We energy bill." Id. at 4. The plaintiff has demonstrated that she cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff used this district's standard form when filing her complaint. The complaint indicates that the plaintiff was denied benefits by the Commissioner, that she was disabled and that the Commissioner's unfavorable conclusions and findings of fact are not supported by substantial evidence

and/or are contrary to law and regulation. Dkt. No. 1 at 3. In addition the plaintiff states, "My condition is unknown as to why I am a severe amenic [sic] which causes me to passout. It causes me to be weak it keep me tired. It makes me confused makes me short of breath and chest pains. I have back pain which causes me to stay in pain. Arthritis in my back." Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 9th day of July, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**